**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IMAN COKRO YOELIKO; IMAM TAUFIK YOELIKO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-70697 <br><br> Agency Nos.   A095-634-699 <br>                              A095-629-936 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2011[**]

Before:      THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Iman Cokro Yoeliko and Imam Taufik Yoeliko, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

applications for withholding of removal and protection under the Convention

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review de novo due process claims, *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006). We deny the petition for review.

We reject petitioners' contention that the agency violated their due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on due process claim).

The record does not compel the conclusion that petitioners experienced harms in Indonesia that rise to the level of past persecution. *See Wakkary*, 558 F.3d at 1059-60 (being twice beaten, robbed, and accosted by a threatening mob did not compel a past persecution finding); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harassment, threats, and one beating did not compel finding of past persecution); *Singh v. INS*, 134 F.3d 962, 965-69 (9th Cir. 1998) (repeated stoning and vandalism of petitioner's home did not compel finding of past persecution). In addition, even as members of a disfavored group, petitions have not shown sufficient individualized risk to establish a clear probability of persecution in Indonesia. *See Hoxha*, 319 F.3d at 1185; *Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a

considerably larger quantum of individualized-risk evidence").  Accordingly, petitioners' withholding of removal claims fail.

Finally, substantial evidence supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not that they would be tortured in Indonesia by or with the acquiescence of the government.  *See Wakkary*, 558 F.3d at 1068.

**PETITION FOR REVIEW DENIED.**